UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BLAIR B. CHATTLEY,

           Petitioner,

No. 05-CV-6742(VEB)
**DECISION AND ORDER**

-vs-

CHIEF M. BENSON, E.C.H.C.,

           Respondent.

**I.     Introduction**

      Petitioner Blair B. Chattley ("Chattley" or "petitioner") has filed a *pro se* petition (Docket No. 1) seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to disposition of this matter by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1).

**II.    Background**

      Chattley was arraigned on a felony complaint dated January 21, 2002, which charged him with burglary in the second degree, a class C felony (N.Y. Penal Law § 140.25(2)) and *petit larceny*, a class A misdemeanor (N.Y. Penal Law § 155.25), for stealing a mountain bicycle. Represented by counsel, Chattley ultimately accepted a plea bargain wherein he pled guilty to a superior court information in New York State Supreme Court (Erie County) to the reduced felony charge of attempted burglary in the third degree (N.Y. Penal Law §§ 140.20, 110). As part of the plea, Chattley also pled guilty to two misdemeanor charges pending in Tonawanda Town Court. Chattley was sentenced to an indeterminate sentence of one to three years.

      While he was incarcerated, Chattley filed two petitions for a state-court writ of habeas corpus–one in New York State Supreme Court (Chemung County) and one in New York State

Supreme Court (Clinton County). Both applications were denied. Chattley also filed a motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10 in the trial court arguing that the court lacked jurisdiction because a defendant, in a felony case, cannot waive his right to indictment under C.P.L. § 195.10 and plead guilty by way of a superior court information while the case is still pending in a lower court. *See* Petitioner's Memorandum of Law, submitted as an attachment to the Petition (Docket No. 1). After hearing oral argument, the trial court denied the C.P.L. § 440.10 motion on the merits, finding that it had jurisdiction over the proceeding. *See* Order Denying C.P.L. § 440.10 Motion, submitted as an attachments to the Petition (Docket No. 1).

Chattley filed the instant federal habeas petition on December 26, 2005. *See* Docket No. 1. Respondent answered the petition and interposed the defenses of non-exhaustion and procedural default with regard to all of Chattley's claims. *See* Respondent's Memorandum of Law ("Resp't Mem.") at (Docket No. 7). In addition, respondent asserts that the Court lacks subject matter jurisdiction over the proceeding because Chattley was not "in custody" at the time he filed the petition. *See id.* at ( Docket No. 7).

For the reasons set forth below, the petition is dismissed for lack of subject matter jurisdiction.

**III.   Discussion**

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (quotation

omitted; citing 28 U.S.C. § 2254(a)[1]) (emphasis in original); *see also Carafas v. LaValee*, 391 U.S. 234, 238 (1968) ("The federal habeas federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed."). Although physical confinement is not necessary in order for a prisoner to challenge his sentence, *see Jones v. Cunningham*, 371 U.S. 236, 241-43 (1963) (finding petitioner released on condition of parole was, for habeas purposes, "in custody" under his unexpired sentence), the Supreme Court "ha[s] never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed[,]" *Maleng v. Cook*, 490 U.S. at 491.

Respondent argues that Chattley cannot satisfy the "in custody" requirement because he was released from incarceration on October 21, 2004, and discharged from parole on July 4, 2005. Resp't Mem. at 6 (Docket No. 7). Chattley concedes that it is "true petitioner is not in custody under challenged conviction." Petitioner's Reply Memorandum of Law ("Pet'r Mem.") at 8 (Docket No. 9). Chattley states that even though his sentence has expired, his habeas proceeding has not been rendered moot because he faces "collaterall [sic] consequences" as a result of his conviction–namely, the possibility of an enhanced sentence as a second felony offender should he be convicted of another crime in the future. *Id.* Chattley's argument mistakenly conflates the "in custody" jurisdictional requirement with the issue of mootness–that is, whether the petition presents a justiciable case or controversy within the meaning of Article

---

[1] "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphases supplied).

III of the Constitution.[2] *See Carafas v. LaVallee*, 391 U.S. at 237-39.

The habeas statute's "requirement of custody has been equated with significant restraint on liberty, such as parole[.]" *Harvey v. State of South Dakota*, 526 F.2d 840, 841 (8th Cir. 1975) (*per curiam*) (citing *Jones v. Cunningham*, 371 U.S. at 243)). Chattley's allegation that he will suffer collateral consequence, although relevant to the issue of mootness, is insufficient to fulfill the "in custody" requirement of 28 U.S.C. § 2254. *See Carafas*, 391 U.S. at 237-38. In *Carafas v. LaVallee*, the collateral consequences[3] of the petitioner's conviction led the Supreme Court to hold that the case had not been mooted by his release from incarceration after he had filed his habeas petition. *See* 391 U.S. at 237. The Supreme Court stated that "[b]ecause of these 'disabilities or burdens (which) may flow from' petitioner's conviction, he has 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.' . . . On account of these 'collateral consequences,' this case is not moot." *Id.* at 237-38 (quotations and footnote omitted). The Supreme Court concluded that "under the statutory scheme, *once the federal jurisdiction has attached in the District Court*, it is not defeated by the release of the petitioner prior to completion of proceedings on such application." *Id.* at 237-38 (emphasis supplied). Crucial to this holding, however, was the fact that the petitioner in *Carafas* was still in prison when he filed his habeas petition. *See id.* at 238-39. Because Carafas was

---

[2] "Mootness is a jurisdictional matter relating to the Article III requirement that federal courts hear only 'cases' or 'controversies.'" *Blackwelder v. Safnauer*, 866 F.2d 548, 550 (2d Cir. 1989) (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). A case becomes moot "when the issues presented are no longer 'live' or the parties 'lack a legally cognizable interest in the outcome.'" *Id.* at 551 (2d Cir.1989) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (*per curiam*)); *see also Jefferson v. Abrams*, 747 F.2d 94, 96 (2d Cir. 1984). When this occurs, the Constitution's case or controversy requirement, U.S. Const. Art. III, § 2, is not satisfied and a federal court lacks subject matter jurisdiction over the action. Blackwelder, 866 F.2d at 550; Jefferson, 747 F.2d at 96.

[3] In *Carafas*, those collateral consequences included the exclusion of petitioner from certain businesses, from state elections and from jury duty.

actually incarcerated ("in custody") at the time of filing, the Supreme Court reasoned, jurisdiction had attached in the district court. Thus, *Carafas* stands for the proposition that collateral consequences serve only to preserve the issue of justiciability once the prisoner seeking a writ of habeas has been released from custody and not to define what is meant, in the first instance, by the "in custody" requirement. *Accord Fleming v. Abrams*, 522 F. Supp. 1203, 1205-06 (S.D.N.Y. 1981) ("While the magnitude of such restrictions [*i.e.*, collateral consequences] following a conviction may increase a petitioner's chances of preventing his case from becoming moot, it cannot confer habeas jurisdiction.") (citing *Furey v. Hyland*, 395 F. Supp. 1356, 1360 (D. N.J.1975) (collateral consequences of conviction relevant to issue of mootness, rather than to question of jurisdiction), *aff'd mem.*, 532 F.2d 746 (3d Cir. 1976)); *see also Ostrer v. Aronwald*, 434 F. Supp. 396, 398 (S.D.N.Y. 1977) (rejecting plaintiff's claim that he was "in custody" for purposes of the district power to grant a writ of habeas corpus under 28 U.S.C. § 2241 where he was not incarcerated or on parole, and the only "incidents of . . . restraint [we]re alleged to include the threat of indictment and the potential harm to plaintiff's career plans").

Chattley was not actually incarcerated when he filed his habeas petition, and therefore jurisdiction never attached in this Court. Stated another way, the collateral consequences[4] alleged by Chattley to exist are not tantamount to being "in custody" and therefore cannot operate to

---

[4] Moreover, even if Chattley's attempted third degree burglary conviction could be used to enhance his sentence if he were to be convicted of another crime in the future, that would not necessarily constitute a collateral consequence so as to render his habeas petition justiciable. See *Spencer v. Kemna*, 523 U.S. 1, 15 (1998). In *Spencer*, the same proffered collateral consequence was rejected by the Supreme Court because the possibility of a sentence enhancement was something that "was contingent upon [the defendants'] violating the law, being caught and convicted," and the defendants themselves were "able–and indeed required by law– to prevent such a possibility from occurring.'" 523 U.S. at 15 (quoting *Lane v. Williams*, 455 U.S. 624, 632, n. 13 (1982)).

create subject matter jurisdiction in the district court. Finally, although parole has been held to be sufficient to satisfy the "in custody" requirement, Chattley was no longer on parole when he filed this habeas petition. I agree with respondent that this is "fatal to any claim [he] may have for habeas relief." *Finkelstein v. Spitzer*, No. 05-CV-2461 JS WDW, 2005 WL 2002446, at *2 (E.D.N.Y. Aug. 18, 2005).

Here, respondent states that Chattley was released from incarceration on October 21, 2004, and discharged from parole on July 4, 2005. Resp't Mem. at 6 (Docket No. 7). Chattley avers, "Petitioner was supposed to be released from parol [sic] July 4th 2005 except the powers to [sic] be held him 14 days past his maximum date . . . ." Pet'r Mem. at 8 (Docket No. 9). Even if I accept Chattley's representation in his memorandum of law that he actually was discharged from parole two weeks late, the fact remains that he did not file his petition until December 26, 2005, more than five (5) months after he was released from parole. *See* Docket No. 1. Because the date of Chattley's discharge from parole pre-dates his filing of this petition for habeas relief, he cannot fulfill the "in custody" requirement, and the Court does not have subject matter jurisdiction over this proceeding. Accordingly, I must dismiss the petition on that basis. *Accord Finkelstein*, 2005 WL 2002446, at *3 ("A certificate from the New York State Parole Board indicates Petitioner's 'final discharge from further jurisdiction of the Board of Parole' effective April 8, 2005. Because the effective date of Petitioner's discharge from parole pre-dates his filing of the instant Petition, the habeas petition must be dismissed for failure to satisfy the 'in custody' requirement."); *Bell v. United States*, No. 07-CV-4420 (ERK), 2007 WL 4224784, at *2 (E.D.N.Y. Nov. 27, 2007) ("In the instant matter, petitioner has fully served his sentence. Because petitioner filed this habeas petition on September 26, 2007, one hundred twelve days

after his term of supervised release expired on June 7, 2007, I find that at the time of the filing, he was not 'in custody,' *Maleng*, 490 U.S. at 491, and he is not entitled to relief under [28 U.S.C.] § 2255.[5] Thus, this Court is without jurisdiction to entertain his habeas corpus claim.") .

## IV.     Conclusion

For the foregoing reasons, Chattley's petition for a writ of habeas corpus is dismissed for lack of subject matter jurisdiction. Because Chattley has not made a substantial showing of the denial of any constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated:  December 12, 2007
            Rochester, New York.

---

[5]     "Since § 2254 and 28 U.S.C. § 2255 '"are generally seen as *in pari materia*,"' the reasoning of cases in the context of § 2254 petitions applies equally to § 2255 petitions." *Jackson v. Albany Appeal Bureau Unit*, 442 F.3d 51, 54 n.2 (2d Cir. 2006) (quoting *Kellogg v. Strack*, 269 F.3d 100, 103 n. 3 (2d Cir. 2001) (quoting *Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 815-16 (2d Cir. 2000)).